Blaise Plummer Emporia City Attorney 522 Mechanic Street Emporia, Kansas 66801
Dear Mr. Plummer:
As the Emporia City Attorney you ask our opinion on whether a meeting held by the City Commission may be conducted in executive session when the topic being discussed is an individual candidate for municipal judge. You include a copy of the city charter ordinance relating to appointment of municipal court judges, the position description, a copy of the contract for municipal court judge and your research. You conclude that a municipal judge is an employee of the City, as opposed to an independent contractor, and thus it is your opinion that K.S.A. 2001 Supp. 75-4319(b)(1) permits the City Commission to use an executive session to discuss applicants for that position.
The Kansas Open Meetings Act (KOMA)[1] requires that meetings of public bodies be open to the public.[2] Pursuant to the KOMA, a public body subject to the Act may recess their otherwise open meetings into closed, executive sessions in order to discuss the fourteen specific subjects listed in K.S.A. 2001 Supp. 75-4319(b).[3] The exceptions to the requirement of openness are to be narrowly construed.[4]
K.S.A. 2001 Supp. 75-4319(b)(1) states: "(b) No subjects shall be discussed at any closed or executive meeting, except the following: (1) Personnel matters of nonelected personnel . . . ."[5] Generally stated, K.S.A. 2001 Supp. 75-4319(b)(1) permits bodies subject to the KOMA to go into a closed or executive session in order to discuss an individual employee of the public agency.[6]
Commentators have said that the purpose of this provision is to protect the privacy of employees, save personal reputations, and to encourage qualified people to select and remain in the employ of government, and thus these commentators agree that the exception covers discussions about prospective employees, as well as personnel matters after the individual employee is hired.[7] This office has reached the same conclusion.[8]
In Attorney General Opinion No. 87-10, this office concluded that the KOMA exception for discussion of personnel applies only to personnel of the public agency and that because persons appointed to the public boards and committees at issue in that opinion were public officers rather than public employees, the personnel exception could not be used to discuss such individuals.
The sole issue thus becomes whether, under the facts you have presented, the Emporia municipal court judge qualifies as "personnel" as that term is used in K.S.A. 2001 Supp. 75-4319(b)(1).
Your letter includes case law which examines the factors used to determine if an individual is an employee as opposed to an independent contractor.[9] You use this analysis to illustrate that the City does not treat its judges as independent contractors. We take issue with that characterization because of several specific provisions in the contract Emporia has with its muncipal judges wherein that person is not treated as typical employees are treated.[10] However, in Attorney General Opinion No. 83-133 we concluded that a judge could not be independent contractor because such a position exercises sovereign power, which cannot be contractually delegated. Thus, in addition to independent contractor concepts, we will also address the relative differences between a public employee and a public officer.[11]
Whether an individual is an employee or independent contractor is generally a question of fact.[12] There is no absolute rule for determining whether an individual is an independent contractor or an employee. The facts and circumstances in each case determine the status of the individual.[13] An independent contractor is generally "one who, in exercise of an independent employment, contracts to do a piece of work according to his methods and is subject to his employer's control only as to end product or final result of work. . . . One who renders service in course of independent employment or occupation, and who follows employer's desires only as to results of work, and not as to means whereby it is accomplished. . . . An independent contractor is a person who contracts with another to do something for him but who is not controlled by the other nor subject to the other's right to control with respect to his physical conduct in the performance of the undertaking. He may or may not be an agent."[14]
As mentioned previously, the case law you provide examines the factors used to determine if an individual is an employee as opposed to an independent contractor.[15] You list these factors, together with the facts of your situation and your analysis: (1) the extent of control which, by the agreement, the master may exercise over the details of the work (a judge has discretion and control over the legal procedures, trials sentencing, etc., however, the city of Emporia sets docket day and time, and requires the judge to keep certain hours — 6 hours per week office time and attendance at court session — and in general supervises the overall functioning of the municipal court); (2) whether or not the one employed is engaged in a distinct occupation or business; (3) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision (judges work without supervision, but serve at the pleasure of the City Commission subject to a four year renewable term); (4) skill required (the judge must be an attorney); (5) who supplies the instrumentalities, tools, place to work (the city supplies the office and furniture, and makes insurance coverage available); (6) the length of time for which the person is employed (renewable four year term); (7) the method of payment, whether by the time or by the job (annual set amount); (8) whether or not the work is part of the regular business of the employer (municipal court is part of city functions); (9) whether or not the parties believe they are creating the relation of master and servant (which you characterize as "the intent of the parties" and state that the agreement is silent); and (10) whether the principle is in business.
The contract form you provided alludes to the appointment to office of municipal judge, and while it states that the city "desires to employ the services of ________", it does not use the terms employee or employment. The contract also includes the following terms: (1) If the judge cannot attend regular court sessions, the judge must find and independently pay the costs of a pro tem replacement judge; (2) the judge is to maintain his own liability, workers compensation, and professional insurances and must provide proof of coverage to the city; (3) the judge is responsible for and must make private arrangements for the payment of income tax, social security tax, or other tax obligations; and (4) the term of appointment is set at four years. These contractual terms are not common in standard employee-employer relationships. Rather, this type of arrangement is more often the case when the person performing work is an independent contractor. Thus, based upon the facts you have provided, we believe that the city of Emporia has established a relationship with its municipal judges that closely resembles an independent contractor relationship.
We also believe that a judge serves the city as a public official.[16]
While it is possible for some public officials to also qualify as a public employee, as that phrase is used for purposes of various laws, judges are distinguishable from many other types of public employees or officials. Several Kansas statutes address hiring and appointing municipal judges, and most of these statutes set a specific term for appointment to such positions.[17] K.S.A. 12-4105 and 12-4107 are the statutes utilized by the City of Emporia. However, Emporia Charter Ordinance No. 32 establishes the procedure currently used by the City. In addition to extended the two year statutory term to four years, the process outlined in Ordinance No. 32 contemplates a City appointed panel, which reviews the qualifications of applicants and makes recommendations to the City Commission.[18] Once the pool of applicants is narrowed, the City Commission then "appoints" one of the nominees selected by the panel, after which time that person "shall take and hold office."
A public officer is one who holds public office. Such officers have some or all of the following characteristics:
"The creation of the person's position by either a state constitution or statutes, as well as the prescription of his or her duties and powers by statute, rather than by contract. A requirement of law that such person be elected or appointed. The designation or title given the person by law. . . . Public officers are generally appointed to serve for a specified time, the duration or term of employment being fixed by statute. They frequently take or are required to take an oath of office and are vested with supervisory and discretionary authority, which entails exercising some portion of sovereign power to carry out their duties. Importance, dignity, and independence of office have been adopted by some courts as relevant factors in determination of public officer status; . . . whether the public servant is under the direct control and supervision of an employer; whether he or she makes important policy decisions; whether he or she has to meet certain qualifications prescribed by law. If the office occupied involves a large degree of independence in which the individual is not under the direct supervision and control of an employer, then the individual is a public officer."[19]
Most judges possess these distinguishing criteria, thus signifying that a judge is a public officer having a significant degree of independence in exercising sovereign powers.
Based upon the facts provided, it is our opinion that the municipal court judge in the City of Emporia is treated more like an independent contractor and not a public employee, and is a public official with a term of office who exercises a great deal of sovereign and unsupervised discretionary authority. Thus, it is our opinion that such a judge is not "personnel" as that term is used in the Kansas Open Meetings Act, and discussions of a body subject to the Kansas Open Meetings concerning a candidate for that position should take place openly and not in an executive session under K.S.A. 75-4319(b)(1).
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Theresa Marcel Nuckolls Assistant Attorney General
CJS:JLM:TMN:jm
[1] K.S.A. 75-4301 et seq.
[2] K.S.A. 2001 Supp. 75-4318.
[3] The KOMA does not apply to "meetings" conducted by a single individual. Attorney General Opinion No. 99-22. If the privacy of individuals applying for a city municipal judge position is of great concern, the City may wish to consider modifying its Charter Ordinance No. 32, thereby delegating some of the process to a single individual.
[4] See Attorney General Opinion No. 87-10; Smoot and Clothier, Open Meetings Profile: The Prosecutor's View, 20 Wn.burn L.J. 241, 275 (1981).
[5] K.S.A. 2001 Supp. 75-4319(b)(1) has been addressed by this office on many occasions: Attorney General Opinions No. 80-102; 81-39; 86-33; 87-10; 87-169; 88-25; 91-31; 92-51; 92-132; and 96-61. See also State v.U.S.D. No. 305, 13 Kan. App. 2d 117 (1988).
[6] K.S.A. 2001 Supp. 75-4319(b)(1) cannot be used to discuss groups of employees, general employee policy, independent contractors or individuals elected or appointed to a public body. Attorney General Opinion No. 92-51.
[7] Smoot and Clothier, supra, at 275; Tacha, The Kansas Open MeetingAct: Sunshine on the Sunflower State?, 25 Kan. L. Rev. 169, 195 (1977).
[8] Attorney General Opinion No. 96-61 (public bodies subject to the Kansas Open Meetings Act may go into executive session to interview, discuss, and consider applicants or prospective employees of that body under the personnel matters exception to the Act).
[9] Knorp v. Albert, ___ Kan. ___ 28 P.3d 1024 (2001); examining whether a physician was an employee or independent contractor of a hospital, for purposes of the Kansas Tort Claims Act.
[10] The City of Emporia requires a municipal judge to independently make their own tax payments (without the standard deduction from salaries made for most employees), provide their own insurance coverage (as opposed to workers compensation and other insurance normally paid on behalf of City employees) and provide and pay for their own pro tem
replacement in their absence (not something normally required of an employee).
[11] A city's attempt to create an independent contractor relationship with a municipal judge was void, in that the city was not authorized to contract away sovereign authority.
[12] See Mitzner v. State Dept. of SRS, 257 Kan. 258, 261(1995);Falls v. Scott, 249 Kan. 54, 64 (1991).
[13] Home Design, Inc. v. Kansas Dept. of Human Resources,27 Kan. App. 2d 242 (2000).
[14] Black's Law Dictionary 693 (5th Ed. 1979); Restatement, Second,Agency, § 2. See also Attorney General Opinion No. 99-55.
[15] Knorp v. Albert, ___ Kan. ___ 28 P.3d 1024 (2001) (examining whether a physician was an employee or independent contractor of a hospital, for purposes of the Kansas Tort Claims Act).
[16] Id. An individual or law firm contracting to provide legal or judicial services may be a de facto officers, validating that person's acts insofar as they involve the interest of the public and third persons. See also State v. Miller, 222 Kan. 405, 414 (1977).
[17] K.S.A. 12-4105; 13-527; 13-628a; 13-628l; 14-405; 14-1501; 15-204; 15-209; and 15-1601.
[18] This panel may itself be subject to the KOMA, as a subordinate body of the city. K.S.A. 75-4318.
[19] 63C Am.Jur.2d Public Officers and Employees § 7 (1997).